PAUL, HASTINGS, JANOFSKY & WALKER LLP
Robert L. Sherman (RS 5520)
Sara J. Crisafulli (SC 6185)
75 East 55th Street
New York, NY 10022
(212) 318-6000



Attorneys for Plaintiff Fine Point
 Technologies, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FINE POINT TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> KT CORPORATION AND KT AMERICA, INC. <br><br> Defendants. | Judge Berman <br><br> 07 CIV 6472 <br> CIVIL ACTION NO. _____ |



### COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff Fine Point Technologies, Inc. ("Plaintiff" or "Fine Point"), by and through its counsel, as and for its Complaint against defendants KT Corporation ("KT"), KT America, Inc. ("KT America") and all subsidiaries and affiliates of KT and KT America (collectively, "Defendants"), alleges as follows, upon actual knowledge with respect to itself and its own acts and upon information and belief as to all other matters.

LEGAL_US_E # 74896032.7

## NATURE OF THE ACTION

1. This is an action for an injunction and to recover damages for copyright infringement by the Defendants, individually and jointly.

2. Plaintiff Fine Point is the owner of all copyrights in the software known as WinPoET®. WinPoET helps manage Internet broadband connections between Internet Service Providers ("ISP") and their customers.

3. Defendants have knowingly and willfully downloaded unauthorized copies of WinPoET from Fine Point's servers in New York and directed, induced, caused, and materially contributed to the downloading of unauthorized copies of WinPoET by Defendants' customers, thus causing substantial injury, loss and damage to Fine Point's ownership rights in the copyright of WinPoET.

## PARTIES

4. Plaintiff Fine Point is a Delaware corporation, with its principal place of business at 75 Broad Street, Suite 300, New York, NY 10004. Fine Point creates software used by telecommunications providers to manage subscriber internet services, including digital subscriber lines (DSL), wireless, cable, and dial-up offerings.

5. Defendant KT is a Korean corporation with its principal place of business at 206 Jungja-dong, Bundang-gu, Sungnam, Kyunggi-do, 463-711, Korea. Defendant KT is South Korea's largest telecommunications company. The company also is one of the largest telephone companies in South Korea, and is one of only two companies licensed to provide local telephone access.

6. Defendant KT America, Inc. is a Delaware corporation with its principal place of business at 111 Charlotte Place, Englewood Cliffs, NJ 07632. Defendant KT America is the American arm of KT providing telecommunication services including prepaid calling card services,

international message services, Internet and data service and procurement services. But for the presence of KT America, KT would need to have physical presence in the United States.

## JURISDICTION AND VENUE

7. This action arises under the copyright laws of the United States. *See* 17 U.S.C. § 101 *et seq.*

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1338.

9. Venue is proper in this district pursuant to 28 USCS § 1391.

## FACTUAL ALLEGATIONS

### Fine Point Is the Owner of the Copyright of the WinPoET Software.

10. WinPoET is computer software that manages Point-to-Point Protocol over Ethernet ("PPPoE") broadband connection software for Windows operating systems. Because the function of WinPoET is to manage PPPoE connections, ISPs commonly distribute that software to their customers or encourage and facilitate the downloading of that software by their customers. ISPs also make periodic upgrades to new versions of the WinPoET software available to their customers via the Internet. Each copy, and each new version, of WinPoET that is distributed to or downloaded by a customer must be licensed. To date, more than ten million licenses for WinPoET have been deployed worldwide.

11. WinPoET was originally created by WindRiver, Inc. ("WindRiver"). Beginning in or about January 2002, Fine Point became the exclusive worldwide licensee of the WinPoET software, with rights to sublicense or redistribute. On or about April 14, 2003, Fine Point acquired all ownership rights in WinPoET, subject only to a specified list of outstanding licenses. Neither defendant nor any affiliate of a defendant appears on that list.

3

12. Since acquiring ownership of the WinPoET software, Fine Point has complied with all pertinent provisions of the Copyright Act and all other laws governing copyright with respect to WinPoET. WinPoET is registered with the U.S. Copyright Office under registration number TXu1-337-001.

13. From July 2002 until September 2004, Fine Point made WinPoET available for download through its Web site, at www.finepoint.com. The site is and was hosted on servers located in New York.

14. In order to download the software, a user was required to agree to an end-user license agreement and pay a license fee.

15. At about the time that Fine Point became the exclusive worldwide licensee of the WinPoET software, Fine Point inserted a unique key (a few bits of non-functional source code) into the software. Each time WinPoET is initially installed on a computer, the unique key identifies to Fine Point the version of WinPoET that the user has installed and whether the software was downloaded from Fine Point's Web site or acquired elsewhere.

16. Every time a new user installs the WinPoET software, Fine Point detects the new installation and can read the key to determine its provenance.

## Defendants Have Infringed Fine Point's Copyrights for the WinPoET Software.

17. Defendants have encouraged, facilitated, and, at times required, their customers to install WinPoET on their computers to receive Defendants' services.

18. Despite those actions, Defendants have never purchased any licenses for the distribution of WinPoET from either WindRiver or Fine Point.

19. Instead, Defendants have made unauthorized copies of a version or versions of WinPoET obtained from Fine Point's website and then engaged in systematic and continuous

4

violations of Fine Point's copyrights in WinPoET by directly providing unauthorized copies of WinPoET to their customers or knowingly directing, inducing, causing, and materially contributing to the download of unauthorized copies of WinPoET by their customers, thus causing substantial injury, loss, and damage to Fine Point's ownership rights in the copyright of WinPoET.

20. Examples of Defendants' actions include the provision of links on several of their websites or websites affiliated with them that have allowed, encouraged, and induced Defendants' customers to download unauthorized copies of a version of WinPoET lawfully available only through Fine Point's website, hosted on computer servers in New York. Those Web sites include, but are not limited to www.ktall.co.kr, www.kt119.co.kr/, www.gimhaekt.co.kr, and www.megapass.net.

21. Despite the fact that Defendants have never purchased licenses for WinPoET from either WindRiver or Fine Point, as of today, Fine Point has identified more than one million copies of the website version of WinPoET that have been installed and are being used by Defendants' customers.

22. On information and belief, Plaintiff believes the infringing activities of Defendants and Defendants' inducement of their customers' infringement continues.

23. Defendants' subscribers were and are infringers of Fine Point's copyrights because they made and/or downloaded and installed unauthorized copies of WinPoET.

24. At all times, Defendants knew of such infringement of Fine Point's copyrights because they provided the unauthorized copies to their customers.

25. At all times, Defendants knew or should have known that the infringement of WinPoET by Defendants and their customers was likely to injure Fine Point.

26. Defendants' participated substantially in their customers' infringement of Fine Point's copyrights by distributing, making available, encouraging, and requiring their customers to download unauthorized copies of WinPoET.

27. Shortly after becoming aware of Defendants' copyright infringement, Fine Point confronted Defendants. Defendants acknowledged distributing copies of WinPoET to their customers, but claimed that those copies were distributed pursuant to valid licenses.

28. In particular, Defendants claim to have purchased licenses for WinPoET from a number of third party resellers, including Samsung Electronics Co. Ltd. ("Samsung"); Leader Com; Ssangyong Information and Communication; Mercury; Chungho Com Net; IS Tel Systems; and Hyundai Networks ("Hyundai").

29. Defendants never produced any proof of the purchase or scope of such licenses. Furthermore, Fine Point has no record of ever providing a license to any of those entities.

30. On information and belief, WindRiver did issue licenses to Samsung and Hyundai. However, those licenses were of older versions of WinPoET that did not contain Fine Point's unique key, and allowed quantities far smaller than the number of unauthorized downloads of WinPoET logged by Fine Point to date in connection with Defendants.

31. For example, according to WindRiver's records, between October 2000 and June 2001, WindRiver licensed 81,000 copies of an older version of WinPoET, which did not contain Fine Point's unique key, to Samsung for between $2.50 and $3.00 per license.

32. Because those licenses were for an older version of WinPoET, they cannot explain or justify the more recent activity that Fine Point has detected.

33. Neither Fine Point nor WindRiver has any record of Defendants' ever having acquired a license for the distribution of the newer versions of WinPoET, much less in the quantities that have been detected.

6

**Defendants' Infringement of Fine Point's Copyrights Have Caused Substantial Injury.**

34.     WinPoET is valuable software. Its price varies, but has ranged from a peak of $99 per license for individual copies to the current individual license price of $29.95 per license.

35.     Fine Point, as did Wind River before it, sometimes negotiates discounts based on volume. For example, as noted, Samsung licensed the software for between $2.50 and $3.00 per copy.

36.     The harm to Fine Point from unlicensed distribution, installation and use of WinPoET by or at the direction of Defendants is substantial – ranging anywhere from $2,500,000 to more than $99,000,000, based on the number of unlicensed copies connected with Defendants of which Fine Point currently is aware.

37.     Plaintiff has been irreparably harmed, for which it has no adequate remedy at law.

FIRST CLAIM FOR RELIEF

COPYRIGHT INFRINGEMENT
(Against All Defendants)

38.     Plaintiff hereby restates, realleges, and incorporates by reference Paragraphs 1 through 37, as though fully set forth herein.

39.     Since April 2003, Fine Point has been the owner of all rights in the WinPoET software and has complied with all pertinent provisions of the Copyright Act and all other laws governing copyright with respect to WinPoET.

40.     On information and belief, Defendants have knowingly and willfully copied via download and distributed more than one million unauthorized copies of a version of WinPoET lawfully made available only from Fine Point's Web site, hosted on servers in New York.

41.     As a consequence of Defendants' infringement of Fine Point's software, Fine Point is entitled to an injunction and its actual damages plus all gains, profits, and advantages derived by

Defendants from their infringement, including all sums derived by way of profit from the unauthorized download and distribution of WinPoET. Depending on the price of the license for WinPoET, those damages are at least $2,500,000 and could exceed $99,000,000.

## SECOND CLAIM FOR RELIEF

### CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against All Defendants)

42. Plaintiff hereby restates, realleges, and incorporates by reference Paragraphs 1 through 37, as though fully set forth herein.

43. Since April 2003, Fine Point has been the owner of all rights in the WinPoET software and has complied with all pertinent provisions of the Copyright Act and all other laws governing copyright with respect to WinPoET.

44. On information and belief, Defendants have knowingly directed, induced, caused, and materially contributed to the downloading of more than one million unauthorized copies of WinPoET from Fine Point's website, hosted on servers in New York.

45. As a consequence of Defendants' contributory infringement of Fine Point's software, Fine Point is entitled to an injunction and its actual damages plus all gains, profits, and advantages derived by Defendants from their infringement, including all sums derived by way of profit from the unauthorized download and distribution of WinPoET. Depending on the price of the license for WinPoET, those damages are at least $2,500,000 and could exceed $99,000,000.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against each Defendant, jointly and severally, that:

a. Defendants be enjoined, preliminarily and permanently, from infringing or contributing to the infringement of Plaintiff's copyright in WinPoET in any manner;

b. That Plaintiff be awarded actual damages plus all gains, profits, and advantages derived by Defendants' from their infringement, including all sums derived by way of profit from the unauthorized download and distribution of WinPoET in accordance with proof at the time of trial, but in an amount believed to be $99,000,000 or more; and

c. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests trial by jury as to each and every count and claim for which a jury trial is available under applicable law.

Date: New York, NY
July 16, 2007

Respectfully submitted,

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: *Robert L. Sherman*
Robert L. Sherman (RS 5520)
Sara J. Crisafulli (SC 6185)
Park Avenue Tower
75 E. 55th Street
First Floor
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 318-6847

and

Naomi Jane Gray (NG 4959)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Plaintiff Fine Point Technologies, Inc.

*Of Counsel:*
Behnam Dayanim (BD 4467)
Thomas A. Rust (TR 9146)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

10